# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re: Joshua Adam Kaplan,　　　　　　　　　　Case No. 25-48523

　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　　　　　　　　Debtor.　　　　　　　Hon. Thomas J. Tucker
_____/

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　Plaintiff,　　　　　　Adv. Pro. No.　__-_____

vs.

Joshua Adam Kaplan,

　　　　　　　　　　　　　Defendant.
_____/

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

The United States of America files this Complaint objecting to discharge. The United States alleges as follows:

### JURISDICTION AND VENUE

1. Debtor (Debtor or Defendant) filed a petition for Chapter 7 bankruptcy relief.

2. It does not appear that the United States Department of Justice nor the United States Department of Health and Human Services were ever given notice of the case.

3. However, as is explained below, the United States is a creditor of Debtor's. As a result, the United States has standing pursuant to 11 U.S.C. § 523(c)(1) to bring a complaint to determine the dischargeability of debts.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (O).

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

6. Venue is appropriate in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1409(a).

7. The United States consents to entry of a final order or judgment by the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 7008.

**FACTUAL BACKGROUND**

8. Orchard Laboratories employed Debtor and his companies to operate a website that allowed beneficiaries of government healthcare programs to request COVID-19 test kits.

9. In order for government healthcare programs to pay for the COVID-19 test kits, the beneficiary needed to affirmatively consent to the ordering of the test.

10. Any request for payment where affirmative consent was not obtained was a false and fraudulent request for payment.

11. Upon information and belief, Debtor caused Orchard Laboratories to bill the United States and to be paid millions of dollars for COVID-19 test kits where no affirmative consent was provided.

12. If the United States had known that affirmative consent was not obtained, it would not have paid for the test kits.

13. The False Claims Act, 31 U.S.C. § 3729 *et seq.* (FCA) provides, in pertinent part, that any person who: "(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or] (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim…" is liable to the government for treble damages and civil penalties. *See* 31 U.S.C. § 3729(a)(1). The FCA also provides for treble damages and penalties for failing to timely return overpayments. *See* 31 U.S.C. §3729(a)(1)(G) and 31 U.S.C. § 3729(b)(3).

14. Debtor's actions defrauded the United States and violated the FCA.

15. Debts, including contingent debts, must be disclosed in documents that debtors file in the bankruptcy case.

16. Debtor did not disclose the claim related to the improper healthcare payments in his bankruptcy papers.

# COUNT I
# NON-DISCHARGEABILITY OF DEBT
# PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

17. The United States hereby incorporates and restates all prior paragraphs as if fully stated herein.

18. Under section 523(a), "any debt…(2) for money… obtained by… false pretenses, a false representation, or actual fraud" is excepted from the bankruptcy discharge.

19. Defendant obtained money by false pretenses, false representation, and/or actual fraud.

20. The money obtained by Defendant included the above-described payments related to federal healthcare beneficiaries.

21. As explained above, the payments were obtained by fraud, including false statements. But for the fraud, the payments would not have been made.

22. The fraudulent payments created a debt because they constituted overpayments that needed to be returned to the Government.

23. The fraudulent requests for payment also provide a cause of action under the FCA. Thus, the related FCA damages are debts that debtor obtained as a result of his fraud.

24. As a result, the payments, and any debt related to them, which includes FCA damages, are excepted from the discharge under section 523(a)(2).

## COUNT II
## NON-DISCHARGEABILITY OF DEBT
## PURSUANT TO 11 U.S.C. § 523(a)(6)

25. The United States hereby incorporates and restates all prior paragraphs as if fully stated herein.

26. Under section 523(a), "any debt… (6) for willful and malicious injury by the debtor" is excepted from the bankruptcy discharge.

27. As stated above, Debtor willfully and maliciously injured the United States by causing the United States to pay fraudulent claims.

28. Debtor is required to repay those overpayments.

29. The fraudulent requests also establish a cause of action under the FCA, which provides for treble damages.

30. As a result, the payments, and any debt related to them, which includes FCA damages, are excepted from the discharge under section 523(a)(6).

## COUNT III
## NON-DISCHARGEABILITY OF DEBT
## PURSUANT TO 11 U.S.C. § 523(a)(7)

31. The United States hereby incorporates and restates all prior paragraphs as if fully stated herein.

32. Under section 523(a), "any debt… (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit" is excepted from the bankruptcy discharge.

33. Debtor caused Orchard Laboratories to be paid for false and fraudulent

claims. This violates the FCA, which provides for treble damages and penalties.

34. Thus, the debt, in part, constitutes a civil penalty payable to and for the benefit of the United States, and such debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(7).

## COUNT IV
## OBJECTION TO DISCHARGE PURSUANT TO
## 11 U.S.C. § 727(a)(4)

35. The United States hereby incorporates and restates all prior paragraphs as if fully stated herein.

36. Under section 727(a)(4), the debtor shall not be granted a discharge of ANY debt if they "made a false oath or account" in connection with the bankruptcy case.

37. Debtor is aware that the government is investigating payments related to the COVID-19 test kits and is represented by counsel in connection with the United States' investigation.

38. Despite knowing that the government had a claim against him, he failed to list the claim and failed to notify the Department of Justice and/or Department of Health and Human Services about this case.

39. Debtor made a false oath or account by failing to disclose the above-described acts and claims in his bankruptcy case.

40. Thus, Debtor is not entitled to a discharge of any of his debts.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that the Court exempt from discharge Defendants' debts pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(6), and (a)(7), and 11 U.S.C. § 727, and award the United States such other relief as it deems equitable and appropriate.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

/s/John Postulka
JOHN POSTULKA (P71881)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9118
john.postulka2@usdoj.gov

Date: November 24, 2025